IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MCDERMOTT, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 11-7343 |
| SUPERINTENDENT PICKINS, | : | |
| et al., | : | |
| Respondents. | : | |

**<u>M E M O R A N D U M</u>**

**STENGEL, J.**                                                                                                          **April 23, 2013**

Petitioner, Joseph McDermott, filed a habeas petition on November 28, 2011. On October 15, 2012, Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation, which I approved and adopted on January 18, 2013. Petitioner then filed a motion for reconsideration and to verify case law. For the reasons state below, I will deny the motions.

**I.      Procedural History**

The Pennsylvania Superior Court issued an opinion in petitioner's reinstated direct appeal on December 31, 2012. The Superior Court affirmed the convictions but vacated petitioner's judgments of sentence, finding the length unreasonable and excessive, and remanded for resentencing. The Superior Court also denied petitioner's PCRA appeal, without prejudice to his filing a timely PCRA within one year of his direct appeal becoming final thereby dismissing without prejudice the only claim stated in the federal habeas petition.

On January 17, 2013, I dismissed the case without prejudice. Thirteen days later, petitioner filed a motion for reconsideration (Doc. No. 25) and a correction (Doc. No. 26) and then filed a notice of appeal to the United States Court of Appeals for the Third Circuit (Doc. No. 27). On March 6, 2013, the Third Circuit stayed the appeal pending resolution of the motion for reconsideration.

Petitioner's re-sentencing is scheduled for June 12, 2013 and there is a pending motion to recuse the trial judge scheduled to sentence petitioner.[1]

## II.    Discussion

Petitioner's motion for reconsideration and motion for the acceptance by this court of case law verifications do not contain relevant argument or relevant legal support for any of petitioner's arguments.[2]  Petitioner refers to cases involving 42 U.S.C. § 1983 and zoning disputes, which are not applicable in his federal habeas appeal.[3] Additionally, petitioner

---

[1] The pre-sentence status of petitioner's convictions illustrates that petitioner has failed to satisfy the exhaustion requirements and his federal case must be dismissed without prejudice.  See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (judgment in habeas context means the sentence; "the sentence is the judgment")

[2] Petitioner cites a number of state court cases.  See Commonwealth v. Weigle, 997 A.2d 306 (Pa. 2010); Petition of McNair, 187 A.2d 498 (Pa. 1936); Keeley v. Commonwealth, State Real Estate Com., 501 A.2d 1155, 1156 (Pa. Commw. 1985).  However, no Pennsylvania court case can be relevant to the issue of the exhaustion requirement for a federal habeas case.

[3] Petitioner cites a number of cases that cannot be understood as relevant to the case at hand.  See Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir. 2002) (holding district court must inform plaintiff that he has leave to amend a complaint before dismissing it unless amendment would be inequitable or futile); McCarron v. Upper Gwynedd Twp., 591 A.2d 1151, 1156 (Pa. Commw. 1991)(dealing with building permit zoning); Harvey v. Plains Twp. Police Dept., et al., 635 F.3d 606 (3d Cir. 2011)(case involving a § 1983 action); United States v. Hill, 468 Fed. Appx. 133 (3d Cir. 2012)(involving departure from the federal sentencing guidelines).  Petitioner does cite a habeas case, but it has nothing to do with exhaustion.  Jefferson v. Upton, 130 S.Ct. 2217 (2010).  Jefferson concerns the presumption of state-court factual finding under the pre-AEDPA version of the federal habeas statute, which is not applicable here.

Although petitioner does cite a few habeas cases discussing exhaustion or default, the issues in those cases are not applicable here.  In Codispoti v. Howard, 589 F.2d 135 (3d Cir. 1978), the issue was whether the exhaustion requirement would be excused when the state trial court had done nothing and had failed to rule on petitioner's motion for a new trial for over twelve years for no apparent reason.  Though there has been some delay, unlike Codispoti, it was for several known reasons, was never caused by the courts of Pennsylvania, and was not inexcusable.  For example, the state courts have remanded for resentencing at present, which will presumably benefit petitioner by giving him a shorter

discusses his need for leave to amend and discusses his proposed amendment. However, there is nothing on the docket concerning an amendment. Even if petitioner seeks leave to amend his habeas petition, such leave is denied for the reasons that petitioner has not exhausted his state remedies. Finally, petitioner's motion in the Third Circuit does not contain any pertinent citations either.

This is a federal habeas case reviewing a state-court conviction under 28 U.S.C. § 2254. Petitioner's objections were denied because he had not exhausted his state court remedies due to the determination that he should be resentenced. Further, all petitioner's arguments of illegality on behalf of the state and federal courts are denied. After resentencing, another direct appeal may be taken from the new sentence within the state appellate court system. Once that appeal becomes final, or if no appeal is taken by the deadline, petitioner will then have one year to file a PCRA petition under the PCRA's jurisdictional time-bar statute. If petitioner then files a federal habeas petition per 28 U.S.C. § 2244, those claims that he has properly exhausted on direct appeal and on the PCRA appeal will be considered.[4]

### III. Conclusion

For the reasons stated above, the petitioner's motion for reconsideration and motion for the acceptance by this court of case law verifications are denied.

An appropriate Order follows.

---

sentence. In Fisher v. Rozum, 441 Fed. Appx. 115 (3d Cir. 2011), the court discussed default, which is related to the requirement that claims be fairly presented to the state courts before they may be considered in federal court, but is not relevant in this case.

[4] Petitioner must first exhaust his state court remedies, but may return to the District Court if he believes that the state court's determination of his claims raises a federal constitutional issue. See Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001).